UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EL-BARSEEM K. ALLAH,

    Plaintiff,

v.

ANNETTE CHAMBERS SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-21
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

### REPORT AND RECOMMENDATION AND ORDER

Plaintiff El-Barseem K. Allah has filed a civil rights action against several officials or employees of the Southern Ohio Correctional Facility, Ross Correctional Institution, and the Ohio Department of Rehabilitation and Correction. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Before the Court are several filings, including Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) which attaches his original Complaint (Doc. 1-1), Plaintiff's motion to appoint counsel (Doc. 2), and Plaintiff's motion for leave to amend or supplement the complaint (Doc. 3) which attaches an Addendum to the Complaint (Docs. 3-1, 4, and 4-1). The matter is also before the Undersigned for an initial screen of the Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

For the reasons that follow, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff's motion to amend his complaint is also **GRANTED**. Having performed an initial screen of both the original Complaint and the Addendum, the Undersigned **RECOMMENDS** that

Plaintiff be permitted to **PROCEED** with his legal mail claim against Lt. Haywood, SOCF Mailroom Supervisor, and with his missing package claim against Todd Diehl, Institutional Inspector; Officer Harmon, RCI Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor; and T. Driesbach and Benjamin Murphy, of the RCI mailroom (in their individual capacities).

The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

I.     **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon consideration, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). The custodian of Plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account

exceeds $10.00, until the full fee of $350.00 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to:

Clerk, U.S. District Court

Checks are to be sent to:

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
85 Marconi Boulevard, Room 121
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each remittance.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Additionally, the United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

## II. MOTION TO AMEND THE COMPLAINT

Plaintiff's original Complaint names Annette Chambers Smith, Director of the Ohio Department of Rehabilitation and Correction (ODRC), and four officials at Southern Ohio Correctional Facility (SOCF) as defendants. (Doc. 1-1). Plaintiff's Addendum to the original Complaint (Doc. 3-1, Doc. 4, and Doc. 4-1) adds six officials at Ross Correctional Institution (RCI) as defendants. As discussed more below, the Complaint and Addendum each raise an issue concerning inmate mail service within the respective institutions.

Pursuant to Fed. R. Civ. Pro. 15(a)(1), Plaintiff's motion to amend his complaint (Doc. 3) is **GRANTED**. The original Complaint (Doc. 1-1) and the Addendum (Doc. 3-1, Doc. 4, and Doc. 4-1) will be referred to together as the Combined Complaint and will be screened together. The Clerk is **DIRECTED** to file the Combined Complaint (Doc. 1-1, Doc. 3-1, Doc. 4, and Doc. 4-1) on the docket.

### III. INITIAL SCREEN

#### A. Standard

Because Plaintiff is proceeding *in forma pauperis*, the Undersigned must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. 1915A(b).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

4

B.     **The Combined Complaint**

Plaintiff's Combined Complaint alleges constitutional violations by state officials and employees, and appears to arise under 42 U.S.C. § 1983. (Civil Cover Sheet, Doc. 1-2). Plaintiff raises three general issues in his Combined Complaint. First, he asserts that his legal mail was handled improperly at SOCF when mail from the United States District Court Clerk's Office was opened outside his presence (Doc. 1-1 at 6), and when a letter from his attorney was returned because it lacked a "control number" (Doc. 1-1 at 7, 16). This issue appears to concern the ODRC's "new legal mail process" instituted in 2021. *See* https://www.drc.ohio.gov/Organization/Legal-Services/Legal-Mail (accessed February 3, 2022).

Second, Plaintiff asserts he has been denied appropriate access to SOCF's grievance procedure to address his legal mail issues. (Doc. 1-1 at 6–9).

Third, Plaintiff alleges that he did not receive a package of books shipped to him at RCI, and that during the subsequent grievance procedure at RCI, an official refused to properly investigate and resolve the matter. (Doc. 3-1 at 4–5). Plaintiff is currently incarcerated at SOCF but was incarcerated at RCI during this incident. (Doc. 3-1 at 2).

With respect to the first and second issues, Plaintiff names as defendants the following, in their official and individual capacities: Annette Chambers Smith, ODRC Director; Ron Erdos, SOCF Warden; L. Mahlman, SOCF IIS (Institutional Inspector); Lt. Haywood, SOCF Mailroom Supervisor; and Mr. Oppy, SOCF Unit Manager Administrator. (Doc. 1-1 at 1, 5, 11). Plaintiff seeks injunctive relief, a temporary restraining order, court costs, and nominal and punitive damages. (Doc. 1-1 at 11).

With respect to the third issue, Plaintiff names, in their individual and official capacities: Donald Morgan, RCI Warden; Todd Diehl, RCI Institutional Inspector; Officer Harmon, RCI

Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor; and T. Driesbach and Benjamin Murphy of the RCI Mailroom.  (Doc. 3 at 1; Doc. 3-1 at 1, 3; Doc. 4 at 1).  Plaintiff seeks compensatory and punitive damages and litigation costs.  (Doc. 4 at 2).

### C. Discussion

The Undersigned **RECOMMENDS** that Plaintiff be permitted to **PROCEED** with his legal mail claim against Lt. Haywood, SOCF Mailroom Supervisor, and with his missing package claim against Todd Diehl, Institutional Inspector; Officer Harmon, RCI Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor; and T. Driesbach and Benjamin Murphy, of the RCI mailroom (in their individual capacities).  The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, as addressed in more detail below.

#### 1. *Monetary Damage Claims against Defendants in their Official Capacities*

Plaintiff sues Defendants in their official and individual capacities.  (Doc. 1-1 at 11; Doc. 4 at 1).  His claims for monetary damages against state officials and state employees in their official capacities fail because such claims are barred by the Eleventh Amendment to the United States Constitution.  *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

"The Eleventh Amendment 'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'"  *Id.* (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)).  "The [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."  *Maben*, 887 F.3d. at 270, (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).  Thus, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims

6

against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

The Eleventh Amendment likewise bars suits for monetary damages against state officials and employees in their official capacity. *Graham*, 473 U.S. at 169 (state officials); *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (state employees). This is because such a suit is the same as a suit against the state itself. *See McCoy v. Michigan*, 369 Fed. App'x. 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'"); *Claybrook*, 199 F.3d at 355 (citing *Graham*, 473 U.S. at 165) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents.").

Here, all the Defendants are named as officials or employees of ODRC, SOCF, or RCI, and all are state officials or employees. (Doc. 1-1 at 5; Doc. 3-1 at 3; Doc. 4 at 1; Doc. 1-2). Thus, the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment.

These claims also fail because Defendants in their official capacities are not "persons" who can be sued under § 1983. To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a *person* acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted) (emphasis added). "[C]laims against the state and its agencies cannot be maintained under § 1983 [because] these entities are not suable 'persons' for purposes of § 1983." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 417

7

n.11 (6th Cir. 2019) (citing *Will,* 491 U.S. at 64-66 (1989)). The same is true for state officials and employees in their official capacities, because, as noted, a suit against a state official in her official capacity is no different than a suit against the State.

The Undersigned therefore **RECOMMENDS** that the official capacity claims against all Defendants be **DISMISSED**.

### 2. *Claims Against Chambers Smith, Erdos, and Morgan*

Although Plaintiff names them in the caption, the Combined Complaint does not contain any specific allegations about ODRC Director Chambers Smith, SOCF Warden Erdos, or RCI Warden Morgan. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

These Defendants likewise "cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992)) (citing *Monell v. Department of Social Serv.,* 436 U.S. 658 (1978)). "Rather, individuals sued in their personal

capacity under § 1983 are liable only for their own unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011). There are no allegations of such personal involvement by Chambers Smith, Erdos, or Morgan in the claims presented here.

To the extent that these Defendants may hold supervisory positions over other Defendants, there are no allegations in the Combined Complaint that would allow them to be held liable on that basis. To do so, Plaintiff must allege '[a]t a minimum' . . . that the defendant[s] 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Graves v. Malone*, 810 F. App'x 414, 420 (6th Cir. 2020), *cert. denied sub nom. Hedger v. Graves*, 141 S. Ct. 2698 (2021) (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016)). As the Combined Complaint contains no such factual allegations, the Undersigned **RECOMMENDS** that the claims against Chambers Smith, Erdos, and Morgan be **DISMISSED**.

### 3. *Institutional Grievance Procedure Claim Against Mahlman and Oppy*

Plaintiff alleges that Defendant Mahlman obstructed his access to the institutional grievance procedure at SOCF by failing to provide the appropriate grievance forms or allowing him J-Pay Kiosk access to electronically file grievances. (Doc. 1-1 at 6–9). Although not spelled out in the Combined Complaint, the Exhibits to the Combined Complaint suggest that Plaintiff named Defendant Oppy for the same reason. (Doc. 1-1 at 20–21).

These allegations fail to state a claim for relief under § 1983. To state such a claim, Plaintiff must allege the deprivation of a *constitutional* right. *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Flagg Bros.,* 436 U.S. at 155–57). But "there is no constitutional right to an effective prison grievance procedure." *Duncan v. Anderson Cnty. TN*, No. 20-6044, 2021 U.S. App. LEXIS 9585, at *3 (6th Cir. Apr. 1, 2021) (citing *LaFlame*, 3 Fed.

9

App'x at 348). "Accordingly, since a violation of a constitutional right is required in order to obtain relief under § 1983 . . . the lack of a constitutional right to unfettered access to a grievance procedure means that [plaintiff] is not entitled to relief on his claim" concerning lack of access to SOCF's institutional grievance procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). The Undersigned therefore **RECOMMENDS** that Plaintiff's grievance procedure claim against Mahlman and Oppy be **DISMISSED**.

4. *Missing Package Claim against Lt. John Doe*

The Undersigned **RECOMMENDS** that the missing package claim be permitted to **PROCEED** at this time. One of the defendants named with respect to this claim is Lt. John Doe, RCI Mailroom Supervisor.

"Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases); *accord Woodard v. Farris*, No. 2:20-cv-00007, 2020 WL 1469886, at *3 (M.D. Tenn. Mar. 25, 2020) (determining that "it would be inappropriate to dismiss the claims against the John Doe Defendants at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery").

Once Plaintiff discovers the name of the John Doe defendant, he will be required to timely amend his Complaint to identify him. *See generally* Fed. R. Civ. Pro. 15 (concerning amended and supplemental pleadings); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run");

*Moore v. Moore*, No. 1:19-CV-01634, 2019 WL 6683171, at *3 (N.D. Ohio Dec. 6, 2019) ("the statute of limitations for all of Plaintiff's § 1983 claims is two years").

In addition, service of process on any newly identified John Doe defendant must be completed in accordance with Fed. R. Civ. Pro. 4(m), which states: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

In sum, the Undersigned **RECOMMENDS** that Plaintiff be permitted to **PROCEED** with his missing package claim against Lt. John Doe (and the other named defendants) at this time. Plaintiff should not, however, delay in naming and serving Lt. John Doe.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff seeks appointed counsel to assist him in this action. (Doc. 2). There is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). Upon consideration, the motion (Doc. 2) is **DENIED** at this time. This action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claims. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). The Undersigned will consider a renewed motion for appointment of counsel if this matter proceeds past motions to dismiss and motions for summary judgment.

11

## V. CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (Doc. 1), and his motion to amend the complaint (Doc. 3) are **GRANTED**.  Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED** at this time, without prejudice to refiling at a later date.  The Clerk is **DIRECTED** to file Doc. 1-1, Doc. 3-1, Doc. 4, and Doc. 4-1 together on the docket as the Combined Complaint.

Having performed an initial screen of the Combined Complaint, the Undersigned **RECOMMENDS** that the Court allow Plaintiff to proceed at this time on:  1) the legal mail claim against Lt. Haywood, SOCF Mailroom Supervisor; and 2) the missing package claim against Todd Diehl, Institutional Inspector; Officer Harmon, RCI Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor; and T. Driesbach and Benjamin Murphy, of the RCI mailroom (in their individual capacities).

The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims, including the claims for monetary damages against the Defendants in their official capacities, the claims against ODRC Director Chambers Smith, SOCF Warden Erdos, and RCI Warden Morgan, and the institutional grievance procedure claim.

The Clerk is **DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.  The United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date:   February 9, 2022                              /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE