UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EL-BARSEEM K. ALLAH,

        Plaintiff,

   v.

ANNETTE CHAMBERS SMITH, *et al.*,

        Defendants.

Case No. 2:22-cv-21
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff El-Barseem K. Allah's Motion for Leave to File an Amended Supplemental Complaint in this civil rights action. (Doc. 16). Plaintiff previously amended his complaint, resulting in several of his filings being collected together into the "Combined Complaint" filed on the docket. (Doc. 7). Because this is not Plaintiff's first request to amend his complaint, consent of the opposing parties or leave of court is required. Fed. R. Civ. P. 15(a)(2).

Upon consideration, the Undersigned **RECOMMENDS** that the Court **GRANT** the motion in part and **DENY** it in part.

The Court should **GRANT** leave to include Annette Chambers Smith as a defendant with respect to Plaintiff's legal mail claim. (Combined Complaint, Doc. 7, PageID 112–14; Motion to Amend, Doc. 16, PageID 200; Report and Recommendation, Doc. 8, PageID 148). Annette Chambers Smith was previously named in the Combined Complaint (Doc. 7, PageID 107, 111), but the Undersigned recommended that she be dismissed because there were no specific allegations against her and she could not be held liable on a *respondeat superior*, vicarious, or supervisory

liability basis. (Report and Recommendation, Doc. 8, PageID 151–52). Plaintiff's objections to this recommendation are pending. (Doc. 11).

The Court should **GRANT** leave to name Lt. Benjamin Murphy, RCI Mailroom Supervisor, in place of Lt. John Doe, RCI Mailroom Supervisor, with respect to Plaintiff's missing package claim. (Combined Complaint, Doc. 7-1, PageID 132, 134–36; Motion to Amend, Doc. 16, PageID 201; Report and Recommendation, Doc. 8, PageID 149, 153–54). Benjamin Murphy was previously named in the Combined Complaint as a defendant with respect to this claim. (Doc. 7-1, PageID 132, 134).

The Court should **DENY** the motion for leave to the extent that it seeks to name the Ohio Department of Rehabilitation and Correction ("ORDC") as a defendant in this § 1983 action. (Motion to Amend, Doc. 16, PageID 199–200). As a state agency, ORDC is not a "person" who can be sued under § 1983. *See Moore v. Morgan*, No. 1:16-cv-655, 2016 WL 5080268, at *3 (S.D. Ohio June 27, 2016), *report and recommendation adopted,* 2016 WL 5080351 (S.D. Ohio Sept. 16, 2016) ("It is well-settled that the state agencies are not 'persons' or legal entities that may be sued under § 1983."); *Stubbs v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-CV-813, 2018 WL 575910, at *2 (S.D. Ohio Jan. 26, 2018), *report and recommendation adopted,* 2018 WL 1305466 (S.D. Ohio Mar. 12, 2018) ("the ORDC is not a 'person' within the meaning of 42 U.S.C. § 1983.").

Additionally, "[t]he ORDC is a state entity entitled to sovereign immunity under the Eleventh Amendment to the Constitution of the United States." *Stubbs*, 2018 WL 575910, at *2 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66 (1989) and *Foulks v. Ohio Dep't of Rehab. & Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1983)). As the ORDC is not a proper defendant

2

in a § 1983 action, the Undersigned **RECOMMENDS DENYING** Plaintiff's request to amend the Combined Complaint to name ODRC as a defendant.

The Undersigned also **RECOMMENDS DENYING** the motion to amend to the extent that it seeks to include a new and unrelated claim against a new defendant. (Motion to Amend, Doc. 16, PageID 202–06). Plaintiff's new claim concerns the alleged taking of his personal property, including a "fez" or "crown," and the denial of his religious rights under the Free Exercise Clause of the First Amendment. (*Id*.). He seeks to add Lt. Felps as a defendant. (*Id*. at PageID 202–06).

These proposed claims are not related to the inmate mail service claims concerning ODRC's "new legal mail process" raised in the Combined Complaint. (Combined Complaint, Doc. 7, PageID 112–14; Report and Recommendation, Doc. 8, PageID 148). The proposed claims are also unrelated to the claim about a missing package of books mailed to Plaintiff but not delivered. (Combined Complaint, Doc. 7-1, PageID 135 – Doc. 7-2, PageID 137; Report and Recommendation, Doc. 8, PageID 148). Lt. Felps is not already a defendant in this action.

Rule 20 of the Federal Rules of Civil Procedure provides that "persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "Under this rule, a plaintiff may not 'combine into one lawsuit unrelated claims against different defendants.'" *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) (quoting *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted,* 2017 WL 994350 (E.D. Mich. Mar. 15, 2017).

While Plaintiff's two existing claims are arguably related, the proposed claims against Lt. Felps are not. Accordingly, the Undersigned **RECOMMENDS** that the motion to amend to include the new claims and new defendant be **DENIED** and that Plaintiff be advised that if he wishes to proceed on these proposed claims, he must do so in a separate action and seek leave to proceed *in forma pauperis* or pay the filing fee required to commence a civil action in that case. *See* Fed. R. Civ. P. 21 (concerning misjoinder and the court's authority to sever claims); *Harris v. Erdos*, No. 1:21-cv-104, 2021 WL 1564609, at *4 (S.D. Ohio Apr. 21, 2021) (citing *Cage,* 2018 WL 3729062, at *2) ("[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice.").

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's motion to amend his Combined Complaint (Doc. 16) be **GRANTED** in part and **DENIED** in part. The Undersigned further **RECOMMENDS** that if the District Judge adopts this recommendation, Plaintiff be ordered to file a Second Combined Complaint setting forth all of his surviving claims against all of the remaining Defendants within 30 days. Plaintiff is advised that the Undersigned will consider any motions to further amend his Combined Complaint after the District Judge has resolved objections to this and the prior Report and Recommendation.

The Undersigned also **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

4

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:   March 23, 2022                                             /s/ Kimberly A. Jolson
                                                                   KIMBERLY A. JOLSON
                                                                   UNITED STATES MAGISTRATE JUDGE