UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EL-BARSEEM K. ALLAH,**

    **Plaintiff,**

    v.                                  **Case No. 2:22-cv-21**
                                        **JUDGE EDMUND A. SARGUS, JR.**
                                        **Magistrate Judge Kimberly A. Jolson**

**ANNETTE CHAMBERS SMITH,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court for consideration of two Report and Recommendations issued by the Magistrate Judge—the first on February 2, 2022 (the "First Report"), and the second on March 23, 2022 (the "Second Report"). (ECF Nos. 8 and 17, respectively.) Plaintiff timely objected to both the First Report (ECF No. 11) and the Second Report (ECF No. 18). Additionally, on February 18, 2022, Plaintiff asked this Court to issue a preliminary injunction against the Defendants (ECF No. 14).

    For the reasons stated herein, the Court **ADOPTS IN PART** the First Report and **SUSTAINS IN PART** Plaintiff's objections to the First Report; the Court **ADOPTS** the Second Report and **OVERRULES** Plaintiff's objections to the Second Report; and the Court **DENIES** Plaintiff's motion for a preliminary injunction.

**I.**

    On January 4, 2022, pro se Plaintiff El Barseem K. Allah ("Plaintiff") filed a civil rights action against several officials or employees of the Southern Ohio Correctional Facility ("SOCF"), where he is incarcerated, and the Ohio Department of Rehabilitation and Correction ("ODRC"). (Compl., ECF Nos. 1-1 and 1-2.) Specifically, Plaintiff alleged multiple constitutional violations,

1

moving for relief under 42 U.S.C. § 1983. First, Plaintiff asserted that his legal mail was handled improperly at SOCF when mail from the United States District Court Clerk's Office was opened outside his presence and certain contents were allegedly removed (*Id.*, PageID 17), and when a letter from his attorney was returned because it lacked a "control number," (*Id.*, PageID 17, 27). Second, Plaintiff alleged that he had been denied access to SOCF's grievance procedure to address his legal mail issues. (*Id.*, PageID 17-20.)

Following the filing of his initial complaint, the Magistrate Judge permitted Plaintiff to amend his complaint. (First Report, ECF No. 8.) In the amended complaint, referred to as the "Combined Complaint" throughout this litigation, Plaintiff alleged, in addition to his previous allegations, that he did not receive a package of books shipped to him when incarcerated at Ross Correctional Institution ("RCI"), and that during the subsequent grievance procedure at RCI, an official refused to properly investigate and resolve the matter. (Combined Compl., ECF Nos. 7-1 and 7-2, PageID 135-37.)

Regarding the first two allegations—that is, the legal mail allegation and the denial of access to SOCF's grievance procedure—Plaintiff names as defendants the following, in their official and individual capacities: Annette Chambers Smith, ODRC Director; Ron Erdos, SOCF Warden; L. Mahlman, SOCF IIS (Institutional Inspector); Lt. Haywood, SOCF Mailroom Supervisor; and Mr. Oppy, SOCF Unit Manager Administrator. (Compl., ECF No. 1-1, PageID 12, 16, 22.) With respect to the third allegation, Plaintiff names, also in their individual and official capacities: Donald Morgan, RCI Warden; Todd Diehl, RCI Institutional Inspector; Officer Harmon, RCI Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor;[1] and T. Driesbach and Benjamin Murphy of the RCI Mailroom. (Combined Compl., ECF Nos. 7-1 and 7-2, PageID

---

[1] Plaintiff has since identified Lt. John Doe as Lt. Benjamin Murphy, an already-named defendant. (ECF No. 16 at 4.)

2

132, 137.)

On February 9, 2022, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, the Magistrate Judge performed an initial screening of Plaintiff's Combined Complaint, which led, in part, to the First Report. (ECF No. 8.) The First Report recommended, *inter alia*, that Plaintiff be permitted to proceed with his legal mail claim against Lt. Haywood, SOCF Mailroom Supervisor, and with his missing package claim against Todd Diehl, Institutional Inspector; Officer Harmon, RCI Warehouse Supervisor; Lt. John Doe, RCI Mailroom Supervisor; and T. Driesbach and Benjamin Murphy, of the RCI mailroom (solely in their individual capacities). (ECF No. 8 at 1-2.) As for Plaintiff's remaining claims, the First Report recommended their dismissal. (ECF No. 8 at 2.) Plaintiff timely objected to the First Report on February 17, 2022. (ECF No. 11). Defendant did not file a response to the Objection.

On February 28, 2022, Plaintiff filed a motion for a preliminary injunction asking this Court to (1) order his transfer from SOCF, a maximum-security prison, to another prison that is commensurate with Plaintiff's custody level, such as "TOCI" or "OSP";[2] or (2) restrain Defendants Lt. Haywood and SOCF mailroom agents from interfering with Plaintiff's legal mail. (ECF No. 14, PageID 182-83.)

On March 4, 2022, Plaintiff filed another motion for leave to amend the Combined Complaint, seeking to do the following: (i) name ODRC as a defendant in this action, (ii) include ODRC Director Annette Chambers-Smith as a defendant with respect to Plaintiff's legal mail claim, (iii) name Lt. Benjamin Murphy, RCI Mailroom Supervisor, in place of Lt. John Doe, RCI Mailroom Supervisor, with regard to the missing package claim, and (iv) add a new claim against a new defendant, Lt. Felps, SOCF Property Vault Supervisor, involving the taking and destruction

---

[2] The Court presumes that "TOCI" and "OSP" refer to the Toledo Correctional Institution and the Ohio State Penitentiary, respectively.

3

of Plaintiff's personal property, including the destruction of his "fez" or "crown" (Islamic headdress). (ECF No. 16.) This led to the Magistrate Judge issuing the Second Report. (ECF No. 17.)

The Second Report recommended that this Court grant in part and deny in part Plaintiff's request to amend the Combined Complaint. Specifically, the Magistrate Judge recommended the Court (i) deny Plaintiff's motion to the extent that it seeks to name ODRC as a defendant, (ii) grant Plaintiff leave to name Annette Chambers-Smith as a defendant pertaining to the legal mail claim, (iii) grant Plaintiff leave to replace Lt. John Doe, RCI Mailroom Supervisor with Lt. Benjamin Murphy, and (iv) deny Plaintiff leave to add the new and unrelated claim against Lt. Felps. (ECF No. 17 at 1-3.) Plaintiff timely objected to the Second Report on March 31, 2022. (ECF No. 18.) Defendant did not file a response to this Objection.

## II.

If a party objects within the allotted time to a magistrate judge's report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and that the reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

When a prisoner proceeding *in forma pauperis* "seeks redress from a governmental entity or officer or employee of a governmental entity," a court is required to review the complaint "as soon as practicable" and to dismiss it, or any portion of it, that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. 1915A. Here, the Magistrate Judge found that portions of the Combined Complaint failed to state a claim upon which relief can be

4

granted. She also determined that Plaintiff's request to amend the Combined Complaint should be granted only in part.

Rule 15(a) creates a liberal policy in favor of granting leave to amend and is meant to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (cleaned up). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)); *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (same).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, a court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont County Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Given that two Reports sit before the Court, each accompanied by Plaintiff's

5

objections, this Opinion and Order will begin by addressing the First Report before turning to the Second Report. Following the Court's assessment of the Reports, the Court will consider Plaintiff's motion seeking a preliminary injunction.

### A. Plaintiff's Objections to the First Report.

In the First Report, the Magistrate Judge issued four recommendations. Plaintiff objects only to the third, which recommended that this Court deny Plaintiff's institutional grievance procedure claim against Defendants Mahlman and Oppy. (ECF No. 11.) Plaintiff argues that this claim should be allowed to proceed because (i) the named defendants have "acted with deliberate and malicious indifference and in bad faith in obstructing Plaintiff from seeking or exhausting" his administrative remedies, (ii) denying this claim will render Plaintiff unable to exhaust his administrative remedies, thus providing Defendants with the administrative exhaustion defense to use against his other claims, and (iii) Plaintiff has a First and Fourteenth Amendment right to file a non-frivolous grievance. (*Id.*)

After reviewing the Combined Complaint, the First Report, and Plaintiff's objections to the First Report—and bearing in mind the liberal construction standard applicable to pro se litigants—the Court will permit Plaintiff's institutional grievance procedure claim to go forward. Under well-established Sixth Circuit precedent, a prisoner has a First Amendment right to file non-frivolous grievances against prison officials on his own behalf. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). This is what Plaintiff seeks to do.

In the Combined Complaint, Plaintiff alleges that, following Defendants' alleged interference with his legal mail, Plaintiff sent an informal written complaint to SOCF and a kite to Defendant Mahlman. (ECF No. 7, PageID 112, 118.) In response to the informal written complaint, SOCF indicated that Plaintiff could file his grievance using the JPay kiosk. (*Id.*, PageID 118.) And

6

in response to the kite request, Defendant Mahlman allegedly told Plaintiff that prisoners of his classification were not permitted to use JPay kiosks; therefore, Plaintiff would be required to file his grievance using paper forms. (*Id.*, PageID 112, 118.) On or about October 16, 2021, Plaintiff allegedly contacted Defendant Mahlman via kite requesting a Notice of Grievance ("NOG") paper form. (*Id.*, PageID 113.) Plaintiff then alleges that his kite (as well as a subsequent kite) went unanswered, and that SOCF never provided him with a paper NOG form. (*Id.*, PageID 113-14, 128.)

Plaintiff's allegations paint a picture in which a prisoner has only two pathways to file his or her grievance: either by use of a JPay kiosk or via a paper NOG form. As alleged, Plaintiff cannot access either pathway; SOCF does not permit Plaintiff to use JPay kiosks given his prisoner classification, and SOCF, despite Plaintiff's multiple requests, has failed to provide him with an NOG form. Accepting as true his allegations, Plaintiff is thus left without any means to initiate the grievance process. Therefore, given that Plaintiff has a First Amendment right to file grievances against prison officials—a constitutional right that Plaintiff is currently unable to exercise—the Court sustains Plaintiff's objections to the First Report.[3] Plaintiff may pursue relief on this § 1983 claim.

As for the remaining recommendations and findings in the First Report, the Court adopts them in their entirety.

### B. Plaintiff's Objection to the Second Report.

Plaintiff raises only one objection to the Second Report. (ECF No. 18.) Specifically, Plaintiff objects to the Second Report's recommendation that this Court deny Plaintiff leave to amend the Combined Complaint to the extent that it seeks to include a new claim against a new

---

[3] Though Plaintiff objected to the First Report on three separate bases, this Court finds merit only in his third basis— that he has a First Amendment right to file non-frivolous grievances against prison officials on his own behalf.

7

defendant (Lt. Felps). (*Id.*)

The Second Report recommended dismissal of this new claim under Rule 20 of the Federal Rules of Civil Procedure, which provides that "persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Under Rule 20, "a plaintiff may not 'combine into one lawsuit unrelated claims against different defendants.'" *Cage v. Michigan*, No. 16-cv-11679, 2018 U.S. Dist. LEXIS 131190, at *3 (E.D. Mich. Aug. 6, 2018) (quoting *Robinson v. Rodarte*, 2017 U.S. Dist. LEXIS 37002, at *4 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 36622 (E.D. Mich. Mar. 15, 2017)). As explained in *Cage*, "[m]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *Cage*, 2018 U.S. Dist. LEXIS 131190, at *3-4.

The Second Report found that the proposed claim against Lt. Felps was unrelated to the claims raised in the Combined Complaint, thus making joinder inappropriate. (ECF No. 17, at 3-4.) Plaintiff objects to the Second Report, arguing that his claim against Lt. Felps relates to Plaintiff's other claims because it, too, demonstrates Defendants' "pattern of corrupt activity under color of law." (ECF No. 18, PageID 222.)

While the Court is sympathetic to Plaintiff's position, his objection to the Second Report is misplaced. Unlike Plaintiff's legal mail-related claims or his missing package claim, which are arguably related because they both concern inmate mail service, Plaintiff's new claim involves a new defendant and the alleged taking of his personal property, including a "fez" or "crown," and

8

the denial of his religious rights under the Free Exercise Clause of the First Amendment. (Mot. to File Am. Compl., ECF No. 16, PageID 202-06.) This new claim neither arises out of the "same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's other claims, nor does it involve "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). Indeed, this is a quintessential example of a plaintiff attempting to join "unrelated Claim B against Defendant 2" with "Claim A against Defendant 1." *See Cage*, 2018 U.S. Dist. LEXIS 131190, at *3-4. As such, Plaintiff's requested amendment would be futile. *Foman*, 371 U.S. at 182; Fed. R. Civ. P. 15(a). This Court therefore overrules Plaintiff's objection to the Second Report and adopts the Magistrate Judge's recommendations and findings in their entirety.

### III.

The Court now turns to Plaintiff's motion for a preliminary injunction requesting either a transfer from SOCF to another correctional facility or an order restraining Defendants Lt. Haywood and SOCF mailroom agents from interfering with Plaintiff's legal mail. (ECF 14, PageID 182-83.)

The decision whether to issue a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). Rule 65 of the Federal Rules of Civil Procedure provides for injunctive relief when a party believes it will suffer immediate and irreparable injury, loss, or damage. Still, an "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to issue a preliminary injunction, the Court must balance four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether

9

the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id*. (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Further, when an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" because such an order necessarily "intrudes significantly into the prerogatives of state correctional officials . . .." *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *see also Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.").

### A. Plaintiff's First Request: Transfer to Another Correctional Facility.

In his first request, Plaintiff seeks an order requiring his transfer from SOFC, which is a maximum-security prison, to a different facility that is "commensurate with Plaintiff's custody level." (ECF No. 14, PageID 182-83.)

As a general matter, "prison officials are afforded broad discretion in transferring inmates." *Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 U.S. Dist. LEXIS 103328, at *9 (E.D. Mich. Jan. 24, 2007). And "[a] prisoner has no inherent constitutional right to be housed in a particular institution or to enjoy a particular security classification." *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

Considering that Plaintiff does not have a constitutional right to be housed at a particular

facility, coupled with the deference afforded to prison authorities, this Court finds it inappropriate to order his transfer from SOCF to another facility. Additionally, ordering Plaintiff's transfer to another facility would contravene the purpose of a preliminary injunction—that is, to preserve the status quo until a trial on the merits can be held. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). The status quo in the instant action, as alleged by Plaintiff, is that he has suffered multiple constitutional violations (though none involving the failure of SOCF to transfer him to another facility). As for the remedy Plaintiff seeks (i.e., his transfer to another facility), this goes beyond an injunction maintaining the status quo; Plaintiff seeks an order from this Court requiring ODRC to transfer Plaintiff from his current facility. Such affirmative relief falls outside of the purpose of preliminary injunctive relief. *See id.* Based on these reasons, the Court denies Plaintiff's request for emergency injunctive relief.

### B. Plaintiff's Second Request: Restrain Lt. Haywood and Those under His Supervision from Unconstitutionally Interfering with Plaintiff's Legal Mail.

In his second request made in his Motion for a Preliminary Injunction, Plaintiff asks the Court to "restrain[] Defendant Lt. Haywood and SOCF mailroom agents from the practice of unconstitutional interference with Plaintiff's legal mail from attorneys or District Courts, Common Pleas Courts, Municipal or otherwise." (ECF No. 14, PageID 183.) This request, like Plaintiff's first request, is also without merit.

In deciding a preliminary injunction motion, the first factor requires Plaintiff to "establish a substantial likelihood or probability of success on the merits." *Doe v. The Ohio State Univ.*, 136 F. Supp. 3d 854, 862 (S.D. Ohio 2016) (citation and alterations omitted). Further, "'[w]hen a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor.'" *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014) (quoting *Connection Distrib. Co. v. Reno*, 154

11

F.3d 281, 288 (6th Cir.1998)).

The Supreme Court has recognized that prisoners have a First Amendment right in receiving mail from outside sources. *Procunier v. Martinez*, 416 U.S. 396, 417 (1974). So, too, has the Sixth Circuit. *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) ("The right of a prisoner to receive materials of a legal nature, which have impact upon or import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts . . . ."); *see also Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2006) (noting that legal mail, as opposed to regular mail, is entitled to a heightened level of protection to avoid trammeling a prisoner's legal rights, the attorney-client privilege, and a prisoner's right to access the courts). It follows, then, "that prison officials risk violating an inmate's constitutional rights if they open an incoming letter marked as 'legal mail' outside of his presence[.]" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (citing *Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007)). However, even "[w]hen a prison regulation impinges on inmates' [First Amendment] rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Horacek v. Lebo*, No. 20-2244, 2021 U.S. App. LEXIS 37672, at *5 (6th Cir. Dec. 20, 2021) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

Plaintiff contends that all of his "communication, filings, notices and instructions from the Court" in this action were inspected by SOCF outside of his presence, and were "copied, partially distorted, . . . obscured, and delayed by [Defendant] Lt. Haywood" and those under his supervision. (Mot. Prelim. Inj., ECF No. 14, PageID 181.) Plaintiff then asserts that this interference is compromising his ability to pursue this litigation. (*Id.*) Plaintiff also references the allegations in the Combined Complaint, which identified two instances where Plaintiff believes Defendant Lt. Haywood and SOCF mailroom staff unconstitutionally interfered with his "legal mail." (*Id.* at

PageID 182; Combined Compl., ECF No. 7, PageID 112-13.) Included in the Combined Complaint is an attachment indicating that, in at least one instance, SOCF withheld alleged legal mail because it lacked a "control number." (ECF No. 7, PageID 122.)

A review of ODRC's definition of "legal mail" may be helpful. Under the Ohio Administrative Code, "legal mail" is defined as:

> [M]ail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee that is marked with a valid control number provided by the department. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. *If mail is received from any of the groups listed in this paragraph without a valid control number, then it may be treated as a regular, non-legal mail, as set forth in paragraph (B)(1) of this rule.*

OHIO ADMIN. CODE 5120-9-17(B)(2) (2022) (emphasis added). Regular mail, in contrast to legal mail, does not require the presence of the addressed inmate when being opened, read, or copied. OHIO ADMIN. CODE 5120-9-17(B)(1) (2022).

Plaintiff's filings suggest that the alleged "legal mail" was sent *without* a valid control number. *See* ECF No. 7, PageID 122 (indicating correspondence withheld because "[n]o control number found"). Without a control number, Rule 5120-9-17 permits Defendant Lt. Haywood and those under his supervision to treat the alleged "legal mail" as regular mail. Given that findings of fact are "especially critical" when an inmate seeks injunctive relief against prison officials, *see Glover*, 855 F.2d at 284, Plaintiff's failure to demonstrate that the mail at issue falls within the definition of "legal mail" under Rule 5120-9-17(B)(2) weighs against finding a substantial likelihood of success on the merits.

As is often the case in the First Amendment context, the likelihood of success on the merits is the "determinative factor" when adjudicating a motion for preliminary injunction. *Libertarian*

*Party of Ohio*, 751 F.3d at 412. This case is no exception; Plaintiff must continue to pursue his claims through the normal litigation process. The Court thus denies Plaintiff's second request for injunctive relief.

### IV.

For the foregoing reasons, the Court: **ADOPTS IN PART** the First Report and **SUSTAINS IN PART** Plaintiff's objections to the First Report; **ADOPTS** the Second Report and **OVERRULES** Plaintiff's objections to the Second Report; and **DENIES** Plaintiff's motion for a preliminary injunction.

As a result of this Opinion and Order, Plaintiff may proceed with the following claims: (1) the legal mail claim against Lt. Haywood (SOCF Mailroom Supervisor) and ODRC Director Annette Chambers-Smith; (2) the institutional grievance procedure claim against Defendants Mahlman and Oppy; and (3) the missing package claim against Todd Diehl (Institutional Inspector), Officer Harmon (RCI Warehouse Supervisor), Lt. Benjamin Murphy (RCI Mailroom Supervisor), and T. Driesbach (in their individual capacities).

Plaintiff is **ORDERED** to file a Second Combined Complaint setting forth all of his surviving claims within 30 days of the date of this Opinion and Order.

**IT IS SO ORDERED.**

**9/23/2022**　　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATED**　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**