UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EL-BARSEEM K. ALLAH,**

    **Plaintiff,**

v.

Case No. 2:22-cv-21
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**ANNETTE CHAMBERS SMITH,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

The matter before the Court is Plaintiff's Motion for Reconsideration of Preliminary Injunction. (ECF No. 37.) Plaintiff's motion is in response to the Court's September 23, 2022 Opinion and Order denying, *inter alia*, Plaintiff's request for a preliminary injunction. (ECF No. 31.) For the reasons stated herein, Plaintiff's motion for reconsideration is **DENIED**.

**I.**

The allegations giving rise to this action are set forth more fully in the Court's Opinion and Order adopting in part the Magistrate Judge's Report and Recommendation. (*Id.*) As such, the Court will provide only a brief summary of the relevant proceedings leading up to this Opinion and Order.

On February 28, 2022, Plaintiff El Barseem K. Allah, proceeding *pro se*, filed a motion for a preliminary injunction asking this Court to, among other requests, "restrain[] Defendant Lt. Haywood and [Southern Ohio Correctional Facility ("SOCF")] mailroom agents from the practice of unconstitutional interference with Plaintiff's legal mail from attorneys or District Courts, Common Pleas Courts, Municipal or otherwise." (ECF No. 14, PageID 182-83.) Plaintiff asserted that all of his "communication, filings, notices and instructions from the Court" in this action were

inspected by SOCF outside of his presence, and were "copied, partially distorted, . . . obscured, and delayed by [Defendant] Lt. Haywood" and those under his supervision. (*Id.*, PageID 181.) Plaintiff's motion for a preliminary injunction also incorporated the allegations in his Combined Complaint, which identified two instances where Plaintiff believes Defendant Lt. Haywood and SOCF mailroom staff unconstitutionally interfered with his legal mail. (*Id.*, PageID 182; Combined Compl., ECF No. 7, PageID 112-13.) Included in the Combined Complaint was an attachment indicating that, in at least one instance, SOCF withheld Plaintiff's legal mail because it lacked a "control number." (ECF No. 7, PageID 122.) These alleged interferences, according to Plaintiff, have irreparably compromised his ability to pursue this litigation, thus requiring injunctive relief. (Mot. Prelim. Inj., ECF No. 14, PageID 181.)

In denying Plaintiff's requested relief, the Court acknowledged that Plaintiff has a First Amendment right to receive legal mail but noted that prison regulations may lawfully impinge on this right so long as the regulations are "reasonably related to legitimate penological interests." (Opinion & Order, ECF No. 31, p. 12 (citing *Horacek v. Lebo*, No. 20-2244, 2021 U.S. App. LEXIS 37672, at *5 (6th Cir. Dec. 20, 2021).) The regulation at issue was Rule 5120-9-17, which permitted Defendants to treat legal mail as regular mail if the legal mail was sent without a valid control number. *See* Ohio Admin. Code 5120-9-17(B)(2). Because Plaintiff's filings suggested that the alleged legal mail was sent without a "control number," Defendants were allowed to treat the mail as if it were regular mail, thus permitting a greater degree of interference. (Opinion & Order, ECF No. 31, p. 13.) This, in turn, weighed against finding that Plaintiff had a substantial likelihood of success on the merits. (*Id.*) In finding that this preliminary injunction factor was the "determinative factor," the Court denied Plaintiff's request for injunctive relief, noting that Plaintiff must continue to pursue his claims through the normal litigation process. (*Id.* at 13–14.)

Plaintiff's Motion for Reconsideration of Preliminary Injunction now sits before the Court. (ECF No. 37.)

## II.

Plaintiff asks the Court to reconsider its Opinion and Order denying his motion for a preliminary injunction. This Court has made clear that it views such a request unfavorably:

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates one of the following: (1) a manifest error of law; (2) newly discoverable evidence which was not previously available to the parties; or (3) intervening change of controlling law. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Furthermore, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration. This doctrine reflects the sound policy that litigation should not be subject to instant replays but rather decided and put to rest.

*Libertarian Party v. Wilhem*, 465 F. Supp. 3d 780, 785 (S.D. Ohio 2020) (citing *Ohio Midland, Inc. v. Proctor*, No. C2-05-1097, 2006 U.S. Dist. LEXIS 85888, at *8-9 (S.D. Ohio 2006)).

Here, much of Plaintiff's motion restates allegations raised in prior pleadings. For example, Plaintiff again takes issue with ODRC's legal mail policy and those who implement the policy. (Mot. For Reconsideration, ECF No. 37, PageID 352-53.) Rather than providing a proper basis for a motion for consideration, this simply relitigates an already decided issue. *See Union Home Mortg. Corp. v. Cromer*, No. 4:21CV385, 2022 U.S. Dist. LEXIS 184481, at *3 (N.D. Ohio 2022) ("A motion that comes before the Court must be more than a simple rehashing of arguments previously rejected by the Court.").

Plaintiff does, however, provide a new allegation demonstrating a continued pattern of interference with Plaintiff's ability to litigate his case, but this interference does not provide an adequate basis for the extraordinary relief that Plaintiff seeks. Plaintiff states that ODRC permits Plaintiff to possess a "Legal Box" in which he may store certain legal materials. (ECF No. 37,

3

PageID 354.) But Plaintiff's access to these legal materials is limited—that is, upon Plaintiff's request for legal materials, Ms. Reuter (an SOCF notary who is not a party in this action) performs a screening of the legal materials before releasing them to Plaintiff. (*Id.*) This screening allegedly interferes with Plaintiff's ability to litigate this case. (*Id.*)

Plaintiff's new allegation does not change the Court's analysis. In determining whether to issue a preliminary injunction, the Court must balance four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Plaintiff fails to establish a strong likelihood of prevailing on the merits. As stated in the previous Opinion and Order, prison regulations may impinge on a prisoner's First Amendment rights so long as the regulation is reasonably related to legitimate penological interests. (ECF No. 31, p. 12 (citing *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009)).) And in the context of a prisoner requesting injunctive relief against state prison officials, findings of fact in support of relief are "especially critical" because such an order necessarily "intrudes significantly into the prerogatives of state correctional officials[.]" *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *see also Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("where state penal

4

institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities.").

Here, although SOCF's screening of Plaintiff's legal materials may temporarily interfere with Plaintiff's ability to access certain requested legal materials, there is no evidence indicating that such interference impinges upon his First Amendment rights without serving a legitimate penological interest. In a context where findings of facts are "especially critical," *see Glover*, 855 F.2d at 284, Plaintiff's unsubstantiated allegations of interference are insufficient to warrant injunctive relief. In addition, Plaintiff's new allegation takes issue with the actions of a non-party (the SOCF notary), which also weighs against injunctive relief. *See Jeter v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-756, 2018 U.S. Dist. LEXIS 188570, at *6 (S.D. Ohio Nov. 5, 2018), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 10883 (S.D. Ohio Jan. 22, 2019) (refusing to issue a preliminary injunction where plaintiff failed to allege that any of the named parties had acted against plaintiff, noting that "the Court will not enjoin non-parties").

The above discussion leads the Court to the same conclusion it reached in the previous Opinion and Order: Plaintiff has failed to establish a strong likelihood of success on the merits, which is fatal to his request for a preliminary injunction. *See Libertarian Party of Ohio*, 751 F.3d at 412 ("'When a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor.'"). Accordingly, Plaintiff's motion for reconsideration is denied.

## IV.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration of Preliminary Injunction. (ECF No. 37.)

This case remains opens.

**IT IS SO ORDERED.**

**11/9/2022**                                                             s/Edmund A. Sargus, Jr.
**DATED**                                                                 **EDMUND A. SARGUS, JR.**
                                                                          **UNITED STATES DISTRICT JUDGE**