UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EL-BARSEEM K. ALLAH,**

      **Plaintiff,**

      v.

**ANNETE CHAMBERS SMITH,** *et al.***,**

      **Defendants.**

Case No. 2:22-cv-021
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge in which she recommended Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 49.) Plaintiff has objected to the Report (ECF No. 51), and Defendants have responded to the Objection (ECF No. 53). For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge in which she recommended Defendants' Motion to Dismiss be granted in part and denied in part (ECF No. 49) and **OVERRULES** Plaintiff's Objection (ECF No. 51).

I.

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against several officials or employees of the Southern Ohio Correctional Facility ("SOCF"), Ross Correctional Institution ("RCI"), and the Ohio Department of Rehabilitation and Correction ("ODRC"). After an initial screening of his complaint, the Court permitted Plaintiff to proceed on claims involving legal mail, institutional grievances, and a missing package—and ordered him to amend his complaint accordingly. (Doc. 31). He did so, and his Second Combined Complaint (Doc. 33) is the operative pleading in this matter.

Plaintiff brings three claims. First, he alleges that Defendants Annette Chambers-Smith and Gary Haywood interfered with legal mail from his attorney and a United States District Court. (Doc. 33 at 2–4). Second, he alleges that Defendants Linnea Mahlman and J. Oppy obstructed him from using the prison grievance system. (*Id.* at 4–5). Third, he alleges that Defendants Will Harmon, Benjamin Murphy, Tamara Driesbach, and Todd Diehl deprived him of a personal package of books he had delivered to RCI. (*Id.* at 5–7).  Defendants moved to dismiss all three claims fail to state a claim upon which relief may be granted (Doc. 39), which was fully briefed (Docs. 41, 42).

> The Magistrate Judge issued a Report and Recommendation in which she recommends that: Plaintiff should be allowed to proceed on his legal mail claim and his institutional grievance claim (excepting the portion of that claim alleging denial of access to courts). But, Plaintiff's missing package claim should be dismissed.

(Report at 11, Doc. 49.)

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### IV.

Plaintiff objects to the Magistrate Judge's recommendation, arguing first regarding the missing package claim should be permitted to proceed "in light of the number of times that the exact same order of Books went "missing" illustrates a pattern of deliberate action to deprive Plaintiff of due process . . . . ," which should permit his claim to go forward. (Obj. at 2, Doc. 51.) This Court disagreed.

The Magistrate Judge correctly assessed this claim "as a deprivation of property due process claim" and explained that "[a] missing package alone is insufficient for a constitutional claim." (Report at 8, Doc. 49) (citing *Honzu v. Warden, Ross Corr. Inst.*, No. 2:22-CV-292, 2022 WL 3018095, at *12 (S.D. Ohio July 29, 2022), *report and recommendation adopted*, No. 2:22-CV-292, 2022 WL 17974392 (S.D. Ohio Dec. 28, 2022); *see also Darling v. Lake Cty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (*citing River City Capital, L.P. v. Bd. of Cty. Comm'rs, Clermont Cty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007)) (a plaintiff "does not state a due process claim merely by alleging the deprivation of property")). She clarified that, instead, a plaintiff must illustrate that the available state procedures were insufficient. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).

The Magistrate Judge then properly concluded that Plaintiff has not plausibly alleged that the available state procedures for remedying the deprivation of property were insufficient. Notably, the first time his books went missing, he was able to use the grievance procedure to secure full reimbursement for the order. (Doc. 26 at 4–5). She explained further:

> And, regarding the second order of books, the grievance was again investigated, but it could not be substantiated by a record of any employee at RCI signing for the package

3

> at the warehouse. (*Id.* at 6). Instead, it appeared from the tracking number that the books had been sent to a P.O. box at the Chillicothe post office not owned by RCI. (*Id.*). So, while Plaintiff did not have a favorable outcome from his second use of the state procedure, he has not plausibly alleged that the procedure itself is insufficient.
>
> Still more, there is an insufficient connection between the Defendants' personal actions and the claim. Plaintiff names Defendant Harmon in connection with the claim because the first package of books was noted to have been received at the RCI warehouse by Defendant Harmon. (Doc. 33 at 6). But because the costs of that first missing order of books was reimbursed, this does not connect Defendant Harmon to any harm. The other named Defendants, Diehl, Driesbach, and Murphy, all participated in some aspect of the investigation of Plaintiff's grievances. (*Id.* at 7; Doc. 26 at 6, 11). But the fact that they investigated, and in the second instance, denied Plaintiff's grievance does not connect them to the underlying alleged harm—the taking of Plaintiff's books.

*Id.* at 9.

In his Objection, Plaintiff continues to complain about his "lost package" claim, contending that the defendants engaged in their conduct because Defendant Harmon is a "Past Master Mason." He refers to evidence that has already been briefed and cited by the Magistrate Judge in rendering the Report and Recommendations and rehashes the contentions made in his Memorandum in Opposition to Defendants' Motion to Dismiss. This is insufficient for this Court to sustain his Objection.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objected. The Magistrate Judge correctly applied that law to the facts before her and appropriately found that Plaintiff should be allowed to proceed on his legal mail claim and his institutional grievance claim (excepting the portion of that claim alleging denial of access to courts) and that his missing package claim should be dismissed.

### IV.

Based on the foregoing and the reasons discussed at length in the Magistrate Judge's Report and Recommendation, Plaintiff's objections are **OVERRULED**, the Report and

4

Recommendation is **ADOPTED** and **AFFIRMED**. This case shall remain **OPEN**.

    **IT IS SO ORDERED.**


**8/15/2023**                                                       **s/Edmund A. Sargus, Jr.**  
**DATE**                                                          **EDMUND A. SARGUS, JR.**  
                                                                  **UNITED STATES DISTRICT JUDGE**